## Stephens *versus* Strosnider.

1. A. purchased land by articles of agreement from B.  C., by subsequent articles of agreement, purchased the same land from B., and brought an action therefor and recovered.  The day after he recovered possession he brought an action for mesne profits.  *Held*, that he was entitled to mesne profits from the commencement of the ejectment.

2. In contemplation of law on a general verdict in ejectment, all questions pertinent to the contract on which recovery was sought, including all questions of payment, tender and readiness ·and willingness to pay, are passed upon and decided.

3. The fact that one or two writs of error to the judgment in ejectment had been sued out by the defendant after the period for review had expired and were still pending, created no bar to the recovery of mesne profits.  If the writs had been procured in time they might have been sufficient cause to postpone the action for damages until a decision was had on them, but they would have been insufficient to defeat a recovery.

November 21st 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Greene county :* Of October and November Term 1879, No. 188.

Trespass *vi et armis* by Maria Jane Strosnider and Ida M., Harriet and John Henry Strosnider, by their guardian, James P. Cosgray, against Washington Stephens, for mesne profits.

On April 13th 1871, John A. Strosnider purchased from William Nixon, by articles of agreement, 100 acres of land in Greene county for $400, of which sum, $200 were to be paid April 1st 1872, when possession was to be given, and $200 without interest on April 1st 1873.   On April 1st 1872 Strosnider went to the house on the lands where Nixon had lived, with $200 in legal tender money, to pay the instalment due on that day, but found the premises in possession of one Jones, Nixon having removed to an adjoining county.    Jones was the tenant of Stephens, who claimed to have purchased from Nixon by virtue of articles of agreement dated February 20th 1870.   On April 2d 1872, Strosnider brought ejectment for the premises.   Pending the suit he died, and his children, the plaintiffs, were substituted in his stead. On April 1st 1873, the executor of the decedent went to the house on the premises, to pay the instalment of $200 due on that day. On the trial of the cause, the plaintiffs paid into court the $400, the full consideration for the land under the articles of agreement, and the jury returned a verdict in their favor for the land described in the writ, with six cents damages and costs.   On January 25th 1875, judgment was entered on this verdict, and on March 17th following, Stephens took out a writ of error to this court.   This writ was non-prossed, and on July 12th 1877 an alias writ of error was filed, and on April 9th 1839 still another writ of error.   A writ of habere facias issued and the plaintiffs were given possession

of the premises on June 3d 1877, and on June 6th 1877, they brought this action for mesne profits.

At the trial before Willson, P. J., the plaintiffs offered evidence to show the payment or tender of the consideration-money mentioned in the articles of agreement, which the court, under objection, admitted.

The defendant submitted the following points, to which are appended the answers of the court:

1. That the judgment and all proceedings had in this court in the ejectment case at April term 1872, upon which the present action is based, having been removed into the Supreme Court, by writ of error filed, and the same not having been heard or determined by that court, this suit cannot now be maintained.

Ans. "Refused."

2. That the verdict and judgment in the ejectment at April term 1872, being in effect, upon condition that the plaintiffs pay to the defendant the sum of $400, the plaintiffs cannot now recover from the same defendant in an action of trespass for the mesne profits of the land.

Ans. "Refused. If the jury find that Strosnider had tendered the purchase-money coming to Nixon, according to the article of agreement between Nixon and Strosnider, and that said tender had been kept up until said money was paid into court, then the plaintiffs are entitled to recover from the date of the bringing of the action of ejectment; but if said tender was not made and kept up, then the plaintiffs can only recover from the date of the verdict in said action."

3. That the plaintiffs cannot recover for the mesne profits of the land prior to October 22d 1874, when the record at April term 1872, shows that the plaintiffs paid into court for the defendant, the sum of $400.

Ans. "This is correct, unless a tender was made and kept up, as stated in answer to 2d point."

4. That under all the evidence in the case, the plaintiffs are not entitled to recover.

Ans. "Refused."

The verdict was for plaintiffs for $472, and after judgment thereon, defendant took this writ and alleged, that the court erred in the admission of the evidence above mentioned, and in the answers to defendant's points.

*P. A. Knox,* for plaintiff in error.

*Wyley, Buchanan & Walton,* for defendants in error.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

[Stephens v. Strosnider.]

This was an action of trespass for mesne profits by the defendants in error. On the 2d April 1872, they brought ejectment against the plaintiff in error, for the lands from which the profits are now claimed, and recovered a verdict therefor on the 24th October 1874. Judgment was entered thereon. After possession delivered to the defendant in error, on writ of *habere facias possessionem*, this action of trespass was brought.

It is a well-settled rule of law that a verdict and judgment in ejectment are conclusive of the right of the plaintiff therein, to mesne profits from the time of the commencement of the suit until the judgment: Osbourn v. Osbourn, 11 S. & R. 55; Huston v. Wickersham, 2 W. & S. 308; Lane v. Harrold, 22 P. F. Smith 267; Kuhns et al. v. Bowman, 10 Norris 504.

A careful examination of the evidence in the present case shows that no claim was made for any damages sustained prior to the commencement of the action of ejectment. No evidence was given tending to show that in the trial of the ejectment, the plaintiff in error accounted for or was charged with any rents and profits so as to bring this case within the equitable principle of Zimmerman v. Eshback, 3 Harris 417. On the contrary, it appears the defendants in error paid into court the full amount of the purchase-money which they had agreed to pay. It was paid in on the day the case was called for trial. Two days thereafter a verdict was rendered for the defendants in error "for the land described in the writ and six cents damages and costs." The record given in evidence does not show that any condition was mentioned in the verdict or in the judgment entered thereon. It was essentially a general verdict. Its merits are not now before us for review. We cannot inquire whether that judgment was right or wrong. It has been acquiesced in until the time for review is past. On that trial all questions were pertinent in regard to the contract on which the recovery was sought, including all questions of payment, of tender, and of readiness and willingness to pay. In contemplation of law, they were then passed upon and decided. No evidence was given or offered to rebut that presumption.

In view of the fact that in this case the defendants in error claimed damages only for the time the ejectment was pending, we think all the evidence relating to tender of payment on the contract was irrelevant, but its admission worked no injury to the plaintiff in error. The rights of the parties in contention here started with the issuing of the writ in ejectment. The judgment in that case established the right and fixed the time for which the defendants in error recovered damages here.

The fact that one or two writs of error to the judgment in ejectment had been sued out by the plaintiff in error, and were still pending, created no bar against this recovery for damages. If they had been procured in time, it may have been a sufficient cause for

[Stephens *v.* Strosnider.]

postponing the trial of this suit for damages until a decision was had on them ; but they would have been insufficient to defeat a recovery. In fact, however, the record shows they were sued out more than two years after the judgment. The right to have the judgment reviewed was then barred before the writs issued. ˙ One has since been non-prossed and the other quashed. Under all the facts we see no sufficient cause for disturbing the judgment.

Judgment affirmed.